ESTATE OF Thomas L. KAPLIN, Deceased; Maury I. Kaplin, Executor; and Gertrude F. Kaplin, Surviving Spouse, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 86–1641.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 12, 1987.

Decided April 3, 1987.

Gerald P. Moran, Gressley, Kaplin, Parker, and Frederickson, Toledo, Ohio, Gregory C. Farell, for petitioners-appellants.

Jean Owens, Acting Counsel, IRS, Washington, D.C., William F. Nelson (Lead Counsel), Washington, D.C., Michael L. Paup (Lead Counsel), Roger M. Olsen, Tax Div., Dept. of Justice, Washington, D.C., David English Carmack, Reviewer, Janet Kay Jones, for respondent-appellee.

Before MERRITT and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

This is an appeal of the Tax Court's second decision regarding the valuation of donated real estate for charitable deduction purposes. The Tax Court upheld a deficiency in petitioners' 1975 and 1976 taxes. *Estate of Kaplin v. Commissioner*, Tax Ct.Mem.Dec. (P–H) ¶ 86,167 (1986). We previously reversed the Tax Court's 1982 judgment, Tax Ct.Mem.Dec. (P–H) ¶ 82,440 (1982), by our opinion, *Estate of Kaplin v. Commissioner*, 748 F.2d 1109 (6th Cir. 1984), finding that the court erroneously failed to consider both the sale of the property in question and its tax-assessed value in determining the fair market value for purposes of the charitable deduction. In its first opinion the Tax Court found the fair market value to be $22,000. In its second opinion it found the property to be worth $175,000.

On appeal the petitioners raise three assignments of error. First, they allege that the Tax Court failed to follow our specific directions in considering the evidence surrounding the transfer of the property to Klingbeil. Second, they argue that it failed to consider the property's tax-assessed value as we directed. Third, petitioners contend that the Tax Court's failure to reopen the record to admit a certified copy of a $450,000 purchase offer constituted an abuse of discretion.

■ We find the first and third alleged errors to be meritless. Addressing the third issue first, we find that the Tax Court's failure to reopen the record did not constitute an abuse of discretion. The 1971 written offer was in the taxpayers' possession at the time of trial and was not offered then as evidence to corroborate testimony already given by Maury Kaplin. This appears to have been a tactical decision and as we stated in our earlier opinion, whether the Tax Court wishes to consider such evidence on reconsideration is in its sound discretion. 748 F.2d at 1112. The alleged offer was made four years before the donation of the property, before further depreciation in the value of the buildings and is therefore only slightly probative on the question of value. In addition, the offer was never accepted by the taxpayers.

■ We also find no error in the Tax Court's consideration of the direct sale evidence on remand. The Tax Court's opinion clearly demonstrates the careful consideration given the sale. The evidence indicates that in March, 1978, Klingbeil was willing to risk $175,000 for the purchase of the property (if we consider the $150,000 letter of credit a cash equivalent). The Tax Court found that given the high inflation of the late 70's, it would have been imprudent to speculate that the property was actually worth more in 1975. It stated that the inflation was very likely counter-balanced by the deterioration which must have occurred during the intervening years. Thus it would appear that the Tax Court's $175,000 figure may have been drawn directly from the sale price.

We find that the Tax Court's decision not to consider Klingbeil's commitment to spend $1.9 million for renovation, the 10-year restriction on resale and the evidence that Toledo sought only to recoup its carrying expenses, did not constitute error.

■ The Tax Court's error lies in its rejection of the tax-assessed value as probative on the question of fair market value. In our earlier opinion we stated specifically that the Tax Court had committed error by its failure to consider the taxassessed value of $864,300, made three months after the donation of the property and we therefore reversed and remanded the case. The relevance of the tax-assessed value stems from the Ohio law provision that tax-assessed value is intended to represent fair market value. *See* Ohio Rev.Code §§ 5713.01, 5713.03.

Admittedly it is true that shortly after obtaining the property, the city of Toledo increased the assessment from $404,608 to $864,300. This unexplained increase rightfully gave the Tax Court some cause for skepticism regarding the second figure. However, the contention of the Tax Court that the buildings were of no value because they were fully depreciated is extreme.

The parties agreed that the land itself was worth approximately $154,000. It was almost universally agreed that regardless of the particular renovation plan at least one and perhaps two of the six buildings should be destroyed. Certainly the other buildings, inhabited until shortly before the donation, were worth more than the $21,-000 the Tax Court would allow.

Though the Tax Court has properly pointed out petitioners' concession that the tax assessment constitutes an upper limit on value, in accordance with *Ujvari v. United States*, 212 F.Supp. 223, 226 (S.D. N.Y.1963), there is a significant gap between $175,000 and $864,300. It is our belief that the evidence shows the property was worth more than the $175,000 for which it was sold in 1978. As in *Estate of Frieders v. Commissioner*, 687 F.2d 224, 227 (7th Cir.1982), we find the tax-assessed value to be material in the valuation of the property. Though the other appraisals vary, they continue to support a valuation substantially in excess of $175,000.

We find that the Tax Court has again failed to adequately consider the contemporaneous tax-assessed value of the property, and thus has committed clear error. We therefore reverse and remand the matter to the Tax Court for further consideration consistent with this opinion.